IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLANIA

CLARENCE ROGERS,      )
      Plaintiff,  )
            ) Civil Action No. 12-439
 vs.          ) Chief Judge Gary L. Lancaster
            ) Magistrate Judge Maureen P. Kelly
KIMERLY STANLEY, City of Pgh Police )
Officer; CITY OF PGH POLICE DEPT.,  )
      Defendants. )

## REPORT AND RECOMENDATION

**I. RECOMMENDATION**

It is respectfully recommended that the above-captioned case be dismissed for failure to prosecute.

**II. REPORT**

On April 5, 2012, Plaintiff, Clarence Rogers ("Plaintiff"), presented a civil rights complaint bringing claims against Defendants Kimberly Stanley, a City of Pittsburgh Police Officer, and the City of Pittsburgh Police Department for violating his rights under the Constitutional of the United States "by way of false arrest and false imprisonment." See ECF No. 1, p. 2.

On May 11, 2012, this Court issued an Order advising Plaintiff that he failed to submit either the requisite $350.00 filing fee or a motion seeking leave to proceed *in forma pauperis* ("IFP"). ECF No. 2. Plaintiff was also advised that he failed to complete and file the selection form indicating whether he consents to proceed before a United States Magistrate Judge or have a District Judge assigned to his case. Plaintiff was given until May 24, 2012, to submit the required paperwork. Id.

Although Plaintiff submitted his Prisoner Account Statement on July 23, 2012, he failed to include an IFP motion or the selection form. Plaintiff was so advised in an Order dated September 12, 2012, and directed to submit the requisite paperwork on or before September 26, 2012. Plaintiff again failed to comply with the Court's Order and on October 17, 2012, the Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute, which was returnable on or before October 30, 2012. Like the two previous orders, the Order to Show Cause was mailed to Plaintiff at the Allegheny County Jail which was, and continues to be, his address of record. The Order to Show Cause, however, was returned to the Court with an indication that Plaintiff was no longer incarcerated there. Thus, not only has Plaintiff failed to comply with two Court Orders but he has failed to inform the Court of his change of address or given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

> (6) The meritoriousness of the claim or defense.

Consideration of these factors suggests that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders and failure to notify the Court of his change of address so that his case could proceed which weigh heavily against him. Plaintiff's failure to notify the Court of his change of address and failure to respond to the Court's orders was not only solely his personal responsibility but his failure to do so even five months later appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders -- there appears to be no specific prejudice to Defendants as they have not yet been served with the Complaint. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff as it is too early in the litigation to assess the merits of Plaintiff's claims. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff filed this action while incarcerated at the Allegheny County Jail and without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate. Moreover, Plaintiff's failure to comply with the Court's orders, which has prevented this case from proceeding, indicates that Plaintiff has no serious interest in pursuing this case. It therefore appears that dismissal is the most appropriate action for the Court to take. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982). Accordingly, it is respectfully recommended that the above-captioned case be dismissed for failure to prosecute.

In accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(B) & (C), and Local Rule 72D.2, Plaintiff is permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District

Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will constitute a waiver of any appellate rights.  Siers v. Morrash, 700 F.3d 113, 116 (3d Cir. 1983).  See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

          Respectfully submitted,

          /s/ Maureen P. Kelly
          MAUREEN P. KELLY
          UNITED STATES MAGISTRATE JUDGE

Dated: 8 November, 2012

cc:    Clarence Rogers
       #23031-2F/212
       Allegheny County Jail
       950 Second Avenue
       Pittsburgh, PA 15219-3100